UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GARNIK SARGSYAN, | No. 1:26-cv-00259-WBS-CKD |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| BONDI, et al., | |
| Respondents. | |

----oo0oo----

Petitioner, a citizen of Armenia, entered the United States unlawfully, was taken into custody by Department of Homeland Security ("DHS") officials, and subsequently paroled on or about December 3, 2023.  (Docket No. 1 at 2.)  Immigration officers then re-detained petitioner on December 30, 2025.  (Docket No. 2-4 at 6.)

On January 13, 2026, petitioner filed the instant motion for temporary restraining order seeking immediate release from custody on the grounds that his detention violates the

1

procedural and substantive protections conferred by the Due Process Clause.  (See id.)  Petitioner further requests that the court enjoin respondents from re-detaining him absent a pre-deprivation hearing before a neutral arbiter.  (Id. at 17.)

I.   Temporary Restraining Order

"The standard for a [temporary restraining order] is the same as for a preliminary injunction." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).  Typically, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The last two factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009).

Likelihood of success on the merits is "the most important factor in determining whether a preliminary injunction is warranted." Garcia v. County of Alameda, 150 F. 4th 1224, 1230 (9th Cir. 2025) (internal citations and quotation marks omitted).  "[P]laintiffs seeking a preliminary injunction face a difficult task in proving that they are entitled to this extraordinary remedy." Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation omitted).  A mere possibility of success is insufficient to satisfy this factor;

2

instead, a petitioner must demonstrate "a strong likelihood of success on the merits." Save Our Sonoran, Inc. v. Flowers, 408 F. 3d 1113, 1120 (9th Cir. 2005).

    a.   Procedural Due Process

Petitioner argues that his detention violates due process because he was re-arrested without being provided a pre-deprivation hearing before a neutral decision-maker. (See Docket No. 2 at 6-12.)

This court has now dealt with many petitions like this one, in which it held that noncitizens present in the United States who were never legally admitted were "applicants for admission" under 8 U.S.C. § 1225(b) and thus subject to mandatory detention. See, e.g., Alonzo v. Noem, No. 1:25-cv-01519 WBS SCR, 2025 WL 3208284, at *4 (E.D. Cal. Nov. 17, 2025) ("The suggestion that petitioner may evade the designation of 'applicant for admission' merely because he has already entered the United States elides the fact that he was never lawfully admitted."); Mo v. Chestnut, No. 1:25-cv-01789 WBS CSK, 2025 WL 3539063, at *2 (E.D. Cal. Dec. 10, 2025) (same); Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *3 (E.D. Cal. Nov. 17, 2025) (same); Xavier Oliveria v. Albarran, et al., No. 1:25-cv-01760 WBS AC, 2025 WL 3525923 (E.D. Cal. Dec. 9, 2025) (same); Mo v. Chestnut, No. 1:25-cv-01789 WBS CSK, 2025 WL 3539063 (E.D. Cal. Dec. 10, 2025) (same).

Petitioner makes no effort to distinguish his case from the nearly identical cases in which this court specifically held that noncitizens who have entered unlawfully, even if they were

3

encountered, taken into custody, and released on parole, were nevertheless "applicants for admission" subject to § 1225.  See, e.g., Oliveria, 2025 WL 3525923 (finding § 1225 applied to petitioner who had been detained after entering United States); Mo, WL 3539063, at *1 (noting that "noncitizens present in the United States who were never legally admitted [are] presumably 'applicants for admission,'" and applying § 1225); see also Liang v. Almodovar, et al., No. 1:25-cv-09322 MKV, 2025 WL 3641512, at *5 (S.D.N.Y. Dec. 15, 2025) (finding that noncitizen who unlawfully entered United States and was thereafter apprehended at the border did not effectuate a "lawful entry" into the United States and was thus subject to § 1225).

   Petitioner thus presents neither facts nor arguments that distinguish his procedural due process claim from the claims adjudicated in this court's prior decisions.  Accordingly, the court again concludes that "the procedure authorized by Congress" in 8 U.S.C. § 1225(b) constitutes procedural "due process" as far as petitioner is concerned.  Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953); see also Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (for noncitizen who "never technically 'entered' the United States," "procedural due process is simply whatever the procedure authorized by Congress happens to be." (citation modified)); Grigoryan v. Barr, 959 F.3d 1233, 1241 (9th Cir. 2020) (same).  And because 8 U.S.C. § 1225(b) does not "say[] anything whatsoever about bond hearings," petitioner is not entitled to one.  Jennings v. Rodriguez, 583 U.S. 281, 297 (2018).

4

b.  Substantive Due Process

Petitioner also argues that his detention violates substantive due process because it was effectuated without notice and was not explained.  (See Docket No. 2-4 at 8-9 (citing Zadvydas v. Davis, 533 U.S. 678, 690 (2001).)

Substantive due process does insulate individuals from "arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558 (1974).  However, the Supreme Court's cases "dealing with abusive executive action have repeatedly emphasized that only the most egregious official conduct can be said to be arbitrary in the constitutional sense." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (citation modified).  "[T]he threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Johnson v. Brown, 567 F. Supp. 3d 1230, 1251 (D. Or. 2021) (citing Lewis, 532 U.S. at 847 n.8 (1998)).

There can be many ways for government conduct to be found arbitrary.  For example, the Supreme Court has held that the "forced pumping of a suspect's stomach" is arbitrary in the Constitutional sense, see Lewis, 523 U.S. at 846 (citing Rochin v. California, 342 U.S. at 165, 209-10 (1952)), as is subjecting students to corporal punishment, see Ingraham v. Wright, 430 U.S. 651 (1977) (citing Rochin).  That said, it is not always clear what conduct rises to the level of arbitrariness in the Constitutional sense.  One judge of this court, for example, has stated that "[d]etaining an individual without any explanation is

5

not only chilling, but also flatly inconsistent with any notion of due process." Kuzmenko v. Phillips, No. 2:25-CV-00663 DJC AC, 2025 WL 779743, at *5 (E.D. Cal. Mar. 10, 2025), appeal dismissed sub nom. Martin v. Phillips, No. 25-3145, 2025 WL 2375268 (9th Cir. July 24, 2025).  Other judges may disagree.

        Here, the court finds that petitioner's detention since December 30, 2025, was not arbitrary, but was based on DHS' new interpretation of 8 U.S.C. § 1225, as set forth in a policy memorandum, issued by DHS on July 8, 2025, which "requires all 'applicants for admission' . . . to be mandatorily detained." Alonzo, 2025 WL 3208284, at *2.  That policy memorandum has been publicly available since its release, over seven months ago, and was based on a deliberate change in interpretation of the applicability of § 1225.  This court has repeatedly found that change in interpretation to be reasonable.  Id. at *3.

        Because petitioner is deemed to be an "applicant for admission" and thus subject to Section 1225, his detention comports with the requirement of mandatory detention set forth in the policy memorandum.  Under the new interpretation, applicants for admission who are subject to mandatory detention may have their parole revoked at any time, for any reason. See Simran Choudhary v. Albarran, et al., No. 1:26-cv-0119 WBS CKD, 2026 WL 102708, at *3 (E.D. Cal. Jan. 14, 2026) (citing 8 U.S.C. § 1225); cf. Garro Pinchi v. Noem, No. 25-cv-05632 PCP, 2025 WL 3691938, at *4 (N.D. Cal. Dec. 19, 2025) (discussing policy memorandum).

        Accordingly, the court finds that detaining petitioner pursuant to DHS' new enforcement policy -- the terms of which had

6

been public and in effect for months at the time of his detention -- does not constitute conduct so egregious as to shock the conscience. See Lewis, 523 U.S. at 846-47.[1] To the contrary, and as explained above, compliance with the policy memorandum is a "reasonable justification" for re-detention. See id.

For the above reasons, petitioner has failed to demonstrate a likelihood of success on the merits of his procedural and substantive due process claims. Thus, the court "need not consider the other [temporary injunction] factors." California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).

Congress has given DHS the very difficult task of ensuring that the millions of aliens who are unlawfully within the United States are detained and removed as prescribed by law. It is not the court's role to "judge the wisdom or desirability" of how DHS fulfills that mandate. Cf. Heller v. Doe by Doe, 509 U.S. 312, 319 (1993). The methods by which noncitizens are detained undoubtedly involve intricate details which the courts lack the Constitutional authority or practical resources to dictate.

IT IS THEREFORE ORDERED that petitioner's motion for a

---

[1] The court does not mean to imply that petitioner could be detained indefinitely. See Black v. Decker, 103 F.4th 133 (2d Cir. 2024) (indefinite detention of noncitizen violates substantive due process); Banyee v. Garland, 115 F.4th 928 (8th Cir. 2024) (suggesting that detention of noncitizen without termination point violates substantive due process). Because petitioner does not challenge the length of his detention on substantive due process grounds, the court expresses no opinion on that issue, or on the question of whether other conduct not at-issue here could be so "egregious" as to violate substantive due process, Lewis, 523 U.S. at 846.

1
2   temporary restraining order (Docket No. 2) be, and the same
3   hereby is, DENIED.
4           Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General
5   Order No. 262, the case is referred to the assigned magistrate
6   judge for further proceedings.
7   Dated:  January 15, 2026
                                     WILLIAM B. SHUBB
8                                    UNITED STATES DISTRICT JUDGE